IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV225-MU-02

| | |
|---|---|
| **ROGER WAYNE EDWARDS,** )<br>    **Petitioner,**        )<br>                             )<br>     v.                      )<br>                             )<br>**SIDNEY HARKLEROAD, Supt.,** )<br>  **Marion Correctional Inst.,** )<br>    **Respondent.**          )<br>_____) | **ORDER** |

**THIS MATTER** comes before the Court on petitioner's Petition Under 28 U.S.C. §2254 For Writ Of <u>Habeas Corpus</u> . . . ," which the Court will treat as having been filed as of May 21, 2007; and on the respondent's "Motion For Summary Judgment . . . ," filed June 21, 2007.

After having carefully reviewed those pleadings, it appears that the respondent may be entitled to a summary judgment as a matter of law.  In particular, the respondent's Motion for Summary Judgment tends to establish, <u>inter alia</u>, that the instant <u>Habeas</u> Petition was filed outside of the applicable one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996; and that the explanation which you previously set forth is insufficient to excuse that untimeliness.

    **PETITIONER EDWARDS, PLEASE READ THIS:**

The petitioner is advised that under the provisions of Rule 56(e) of the Federal Rules of Civil Procedure, he is required to submit documents, affidavits, or unsworn declarations made under penalty of perjury, in opposition to the Motion for Summary Judgment and supporting documents filed by the respondent. Rule 56(e) reads in pertinent part as follows:

> When a motion for summary judgment is made and supported [by affidavits], an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be entered against him.

This rule requires that if the petitioner has any evidence to offer to counter the evidence contained in the Motion for Summary Judgment and supporting documents filed by the respondent, he must present it to the Court in the form of documents, affidavits, or unsworn declarations under penalty of perjury. An affidavit is a written statement made under oath; that is, a statement prepared in writing by the declarant and sworn before a Notary Public. If the petitioner chooses, he may instead submit an unsworn declaration and state the following with the date and his signature:

> "I declare under penalty of perjury that the foregoing is true and correct."

The petitioner is further hereby advised that he has twenty (20) days from the filing of this Order in which to file such

documents, affidavits, or unsworn declarations in opposition to the respondent's Motion for Summary Judgment. **FAILURE TO RESPOND WITHIN THIS TIME PERIOD MAY SUBJECT THIS ACTION TO SUMMARY JUDGMENT.**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner has twenty (20) days from the filing of this Order in which to provide his own documents, affidavits, or declarations countering the evidence offered by the respondent's Motion for Summary Judgment.

**SO ORDERED.**

Signed: June 22, 2007

Graham C. Mullen
United States District Judge