IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV225-MU-02

ROGER WAYNE EDWARDS,    )
    Petitioner,        )
                        )
        v.              )           ORDER
                        )
SIDNEY HARKLEROAD, Supt.,)
  Marion Correctional   )
  Institution,          )
    Respondent.         )
_____)

**THIS MATTER** comes before the Court on the petitioner's Petition for a Writ of Habeas Corpus, filed June 6, 2007; on the respondent's "Motion For Summary Judgment And Answer . . . ," filed June 21, 2007; and on the petitioner's "Answer To Order For Respon[s]e To Motion For Summary Judgment," filed July 19, 2007.

For the reasons stated herein, the respondent's Motion for Summary Judgment will be granted; and the instant Petition will be dismissed as untimely filed.

    I.   **FACTUAL AND PROCEDURAL BACKGROUND**

According to the records submitted by the parties, on November 14, 2003, the petitioner was convicted of Second-degree Murder, Hit and Run, and Driving while Impaired. Consequently, on that occasion, the Superior Court of Gaston County sentenced the petitioner to a term of 120 days on the hit and run conviction, and

to a consecutive term of 248 to 307 months on the murder conviction. Further, the Court arrested judgment on the DWI conviction. The petitioner timely appealed his case to the North Carolina Court of Appeals.

However, on May 17, 2005, the State appellate Court issued a published opinion denying the petitioner's appeal. On August 18, 2005, the State Supreme Court denied the petitioner's Petition for Writ of Discretionary Review. See North Carolina v. Edwards, 170 N.C. App. 381, disc. rev. denied, 359 N.C. 854 (2005). The petitioner did not seek certiorari review at the U.S. Supreme Court.

Rather, on February 9, 2006, the petitioner filed a Motion for Appropriate Relief in the Superior Court of Gaston County. However, that Motion was denied. Likewise, the petitioner's Petition for a Writ of Certiorari was denied by the State appellate Court on June 26, 2006.

Undaunted, on May 21, 2007, the petitioner filed the instant Habeas Petition with this Court. By that Petition, the petitioner claims that his Fourteenth Amendment rights were violated when the trial court granted the State's request for a particular jury instruction; that the denial of his Motion for Appropriate Relief constituted a fundamental miscarriage of justice; that the trial court committed additional errors throughout his trial; and that the trial court erred in certain other of its jury instructions.

On June 21, 2007, the respondent filed a Response and a Motion

for Summary Judgment. In his Motion for Summary Judgment, the respondent contends, <u>inter alia</u>, that the petitioner's Petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996. Consequently, after reading that Motion and the Supporting Brief, the undersigned directed the petitioner to file a response, and to specifically address the respondent's assertion that this action was untimely filed.

Purportedly to that end, on July 19, 2007, the petitioner filed his so-called Answer. However, as will be explained in further detail below, such response fails to rejoin the respondent's evidentiary forecast which tends to show that this Petition is time-barred. Moreover, inasmuch as the petitioner has failed to demonstrate that his untimeliness can be excused, the instant Petition must be summarily <u>dismissed</u>.

## II. **ANALYSIS**

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act, effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of <u>habeas corpus</u> by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the

Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

However, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As was noted above, the petitioner was convicted and sentenced on November 14, 2003, and his direct appeal was concluded on August 18, 2005, when the State Supreme Court denied his Petition for a Writ of Discretionary Review. Therefore, pursuant to the holding of Clay v. United States, 537 U.S. 522, 527 (2003), the petitioner's convictions and sentences became final on November 16, 2005--that is, at the expiration of the 90-day period during which he could have (but did not) seek certiorari review in the U.S. Supreme Court. However, as was further noted above, the petitioner sought collateral review in the State court system; therefore, the one-year limitations period must be tolled for the entire time during which that review properly was pursued.

As to that matter, the record further shows that the

petitioner did not begin his pursuit of collateral review until February 9, 2006, thereby allowing some 85 days to elapse from his 365-day limitations period. In any case, that period remained tolled until June 26, 2006, when the State appellate Court denied the petitioner's Petition for a Writ of Certiorari. Thereafter, the petitioner's one-year limitations period resumed on June 27, 2006, and fully expired some 281 days later on April 3, 2007. Ultimately, then, in order for this Petition to have been timely filed, it must have been filed no later than April 3, 2007. See Hernandez v. Caldwell, 225 F.3d 439 (4th Cir. 2000) (noting the 1-year limitations period set forth by the AEDPA); and Harris v. Hutchinson, 209 F.3 325, 328 (4th Cir. 2000) (same); see also 28 U.S.C. §2244(d)(1) (noting that the 1-year limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.").

Obviously, the petitioner did not file the instant Petition by such April 2007 deadline. Instead, the petitioner allowed several more weeks to pass after April 3, 2007 before he came to this Court on May 21, 2007, and filed this Petition. Unfortunately for the petitioner, however, his federal limitations period already had fully expired by that time.

Moreover, although this Court entered its standard Roseboro Order, advising the petitioner that the respondent might be entitled to a summary judgment based upon his contention that the

petitioner's Petition was time-barred, the petitioner failed to present an evidentiary forecast which could overcome the respondent's preview. Indeed, the petitioner does not even deny that his Petition is untimely.

Instead, the petitioner concedes that he is unsure whether his Petition was timely filed; and that he was unaware of the fact that his Petition could be dismissed for that reason. Thus, the petitioner did not attempt to defend the timeliness of his Petition. On the contrary, the petitioner merely asks the Court to "please review the record to insure that [he] is not subject to a fundamental miscarriage of justice by dismissal," and to "grant any relief [he] may be entitled to as a matter of law." Suffice it to say, however, such statements cannot render this Petition timely filed.

Moreover, with respect to equitable tolling, that measure is only allowed in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. denied, 541 U.S. 905 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004) (same). However, as the respondent correctly has noted, assertions that the petitioner was unaware of the deadline or its implications are woefully insufficient to justify equitable tolling.

### III. **CONCLUSION**

The petitioner's Petition was filed outside of the one-year limitations period, and he has failed to establish a basis for the equitable tolling of that deadline. Accordingly, the petitioner's Petition is time-barred.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That the petitioner's two letter motions for an extension of time in which to respond to the respondent's Motion for Summary Judgment (document ## 9 and 10) are **GRANTED**;

2. That the respondent's Motion for Summary Judgment (document # 4) is **GRANTED**; and

3. That the petitioner's Petition for a Writ of Habeas Corpus (document # 1) is **DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: August 9, 2007

Graham C. Mullen
United States District Judge